# In the United States Court of Federal Claims

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
JAMES T. STRUCK,                          *
                                          *
              Plaintiff,                  *
       v.                                 *      Nos. 15-788, 15-822, 15-831
                                          *      Filed: August 7, 2015
UNITED STATES,                            *
                                          *
              Defendant.                  *
                                          *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## ORDER

Pro se plaintiff James T. Struck has filed three confused and largely incoherent complaints in this court. The first was filed on July 27, 2015 and the second and third both were filed on July 29, 2015. The relationship between the documents is unclear. The first document is labelled "COMPLAINT," but all three are otherwise similarly styled and include distinct and random allegations.

The first complaint, case number 15-788, begins: "Motion Claiming back pay as President when Presidents Andrew Johnson, William Clinton impeached and Our islands could fall in based on history[.]"[1] Plaintiff then states:

> James T. Struck makes a claim for three months back pay as President of United States as the impeachment clause says removal on "impeachment for, and conviction" where impeachment is separate from conviction both remove the president. There was no 25th amendment specifying a Vice President replace Andrew Johnson, so three months of back pay might be owed.

In subsequent paragraphs, plaintiff makes a number of additional statements, including: that he had a patent called "Vice President Special Prosecutor Honeymoon Vacation"; that Albert Gore would have a similar claim to his own; "How does Article 1, Section 8 interact with the 25th Amendment, that inventors have rights to inventions, but the 25th says a VP replaces a President?"; and "By the way I admit there is some chance our islands like Hawaii, Virgin Islands, Manhattan, Guam could fall in as Helike in Greece, Atlantis, Garden of Eden in the Persian Gulf and Bora near Greece historically fell in." Plaintiff appears to request a remedy of $100,000.00, ending the document with the

---

[1] All grammatical and other errors, as well as emphasis, are as they appear in the original documents filed by plaintiff.

statement: "ANDREW JOHNSON WAS REMOVED FOR 3 MONTHS. U.S. PRESIDENTS 2002-2003 MAKE \$400,000. 1/4th A YEAR IS \$100,000 OF PAY."

The second complaint, case number 15-831, begins: "JURISDICTION – THEFT, FINANCIAL EXPLOITATION, ARTICLE 1 SECTION 8, TITLE VII, ADEA, ADA DISCRIMINATION[.]" The document continues: "Below is a list of some of the NASA or military programs I have been behind, leading to the proposal for benefits, pay, compensation or pensions for NASA or other military contractors who might not have benefits or pay now[.]" Plaintiff then lists 41 items including: "Earth House program to protect earth from asteroids"; "collaboration with Soviets was 1991 letter by me to Bush President"; "Bombs that do not harm anyone"; "Noah's Ark mission"; "Deep Impact was a 1995 unsolicited grant by me"; "Volcano delay in reentry in 2008"; and "launch risks 2009 fast shuttle launch could be out of control quickly." The list continues with similar incoherent and unrelated statements. Plaintiff ends the document with the statement: "Financial compensation requested!!! BOEING GETS \$27+ BILLION, SO DEMANDING JUDGEMENT OF \$1,250,000 - \$1 BILLION."

The third complaint, case number 15-822, begins: "Motion Compensation for Doing Work of U.S. Representative by Visiting House when No one was there, Triangle South, Double Solar System Discovery, Pluto Removal from Dictionaries Discovery[.]" Plaintiff then lists a series of paragraphs with little or no apparent connection to each other, including:

> "I VISITED HOUSE OF REPRESENTATIVES AT CONGRESS JULY 2001 AND NO ONE WAS THERE WHILE ARTICLE 1, SECTION 5, CLAUSE 4 SAYS CONGRESS IS NOT SUPPOSED TO ADJOURN FOR MORE THAN 3 DAYS. WHEREFORE, I WAS DOING REPRESENTATIVE JOB OWED \$150,000 BACK PAY. SEE LAWS I HAVE CONTRIBUTED TO."

Elsewhere in the document plaintiff lists ten "legislative initiatives" he allegedly "contributed to," including: "Looking more for asteroids legislation of the 1990's"; "Extension of the START Treaty negotiations in 2009"; "Unilateral Peace Congresses, Imaginary Peace Congresses, Symbolic Action, Astronomical Problems to bring the world together recently"; and the "International League of Nations and End of World War I in Versailles Treaty to be ratified." Other paragraphs in the document discuss world geography, the removal of Pluto from the dictionary definition of a planet, and plaintiffs alleged discovery of "[t]he Double solar system."[2]

---

[2] The clerk of the United States Court of Federal Claim has informed the court that its office also received numerous emails from the plaintiff over the past two weeks, wherein plaintiff claims, under the 20th Amendment to the United States Constitution, to have been President Lyndon Johnson's Vice President from November 23, 1963 to November 8, 1964 and demands \$100,000.00 in compensation. Eventually, the clerk's office was

2

Under the Tucker Act, 28 U.S.C. § 1491(a)(1), the Court of Federal Claims has jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 290 (2009). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised . . . by a court on its own initiative, at any stage in the litigation." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

Viewed generously, and trying to discern any coherent meaning to plaintiff's complaints, plaintiff appears to allege that he is owed compensation from the United States of America on three grounds: in case number 15-788, for back pay he earned serving as President of the United States after the impeachments of Presidents Johnson and/or Clinton, under the 25th Amendment and/or Article I, Section 8 of the United States Constitution; in case number 15-831, for creating a large number of military and NASA programs, on the grounds of "theft" and "financial exploitation" and, apparently, under Article I, Section 8 of the United States Constitution, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act (ADA); and in case number 15-822, for back pay he earned serving as a member of Congress, in July 2001, due to the House of Representatives' alleged violation of Article I, Section 5, Clause 4 of the United States Constitution. Although plaintiff's claims are non-sensical, in addition the court lacks jurisdiction to hear them. The court lacks jurisdiction to hear the claims in case numbers 15-788 and 15-822 because neither the 25th Amendment, which discusses presidential succession, nor Article I, Section 8, which lists the powers of Congress, nor Article I, Section 5, Clause 4, which states "Neither House, during the session of Congress, shall, without the consent of the other, adjourn for more than three days, nor to any other place than that in which the two Houses shall be sitting," "can fairly be interpreted as mandating compensation by the Federal Government." United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)). The court also lacks jurisdiction to hear plaintiff's claims in case number 15-831 because plaintiff has not pled that he is entitled to relief under any of the allegedly jurisdictional statutes he cites in support of his allegations. Roberts v. United States, 745 F.3d 1158, 1162 (Fed. Cir. 2014) ("[To be jurisdictional,] the statute and regulations must be money-mandating as to the class of which plaintiff claims to be a member." (citing Casa de Cambio Comdiv S.A. de C.V. v. United States, 291 F.3d 1356, 1361 (Fed. Cir. 2002)). Finally, the court must take judicial notice that Mr.

forced to block all emails coming from the plaintiff. An email to the clerk's office is not a complaint filed with the court. See RCFC 3. The court notes, however, that even had this argument been made in a properly filed complaint, it would fail for the same reasons stated below for plaintiff's other claims, as the 20th Amendment is not money-mandating. Additionally, the court takes judicial notice of the fact that plaintiff is not now, nor has he ever been, the Vice President of the United States of America.

3

Struck is not now, nor has he ever been, the President of the United States of America, the Vice President of the United States, or a member of Congress. Nor is there any evidence that he has performed any of the tasks he alleges he performed to entitle him to compensation, whatsoever.[3]

Along with its July 15, 2015 complaint, plaintiff filed an alleged "APPLICATION TO PROCEED IN FORMA PAUPERIS." As part of his alleged application, plaintiff included an "AFFIDAVIT OF ASSETS," listing a number of ideas that were allegedly stolen from him, such as "CITY OF CHICAGO, BUSH ADMINISTRATION STOLE IDEA ABOUT SATELLITES TO STOP GUN CRIMES AND STOP D.C. SNIPER," along with thank you letters from Presidents Clinton and Obama. Although the court has serious doubts whether plaintiff's "AFFIDAVIT" satisfies the requirements of 28 U.S.C. § 1915(a)(1) for in forma pauperis status, or is factually based at all, the issue is moot because, as discussed above, his three complaints are being dismissed for lack of jurisdiction. See 28 U.S.C. § 1915(e)(2). ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . or fails to state a claim on which relief may be granted . . . .").[4]

_____

[3] The court also notes that, even were jurisdiction to exist for any of plaintiff's claims, which is not the case, most, if not all, of plaintiff's claims would be barred under the six year statute of limitations for bringing claims in this court. 28 U.S.C. § 2501 (2012) ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."). The impeachments of Presidents Johnson and Clinton took place in 1868 and 1998, respectively, all of plaintiff's alleged military and NASA innovations for which he gives a date took place in 2009 or before, and his alleged visit to the House of Representatives took place in 2001.

[4] A number of courts have reviewed the words of 28 U.S.C. § 1915(a)(1), regarding in forma pauperis applications by non-prisoner litigants in federal courts, and have concluded that Congress did not intend for non-prisoners to be barred from being able to proceed in forma pauperis in federal court. See, e.g., Floyd v. United States Postal Serv., 105 F.3d 274, 275-76 (6th Cir.), reh'g denied (6th Cir. 1997); Schagene v. United States, 37 Fed. Cl. 661, 663 (1997) (finding that it was not the intent of Congress to eliminate the in forma pauperis right of access to federal courts of eligible, indigent, non-prisoners), appeal dismissed, 152 F.3d 947 (Fed. Cir. 1998); see also In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) (discussing how to administer in forma pauperis rights to a non-prisoner, thereby acknowledging the rights of non-prisoners to apply for in forma pauperis status); Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996) (using "sic" following the word "prisoner" in 28 U.S.C. § 1915(a)(1) seemingly to indicate that the use of that word was too narrow); Smith v. United States, 113 Fed. Cl. 241, 243 (2013); Powell v. Hoover, 956 F. Supp. 564, 566 (M.D. Pa. 1997) (holding that a "fair reading of the entire

4

Over the course of three days, plaintiff filed three complaints in this court that were not only completely frivolous, but also, in every detail, detached from reality. Additionally, over the past two weeks, plaintiff has harassed the clerk's office with multiple emails that were equally detached from reality. The court also notes that, due to his history of frivolous filings, the United States Court of Appeals for the Seventh Circuit has barred plaintiff from filing any documents in the federal courts of the Seventh Circuit until he pays a $500.00 fine. See Struck v. Cook Cty. Pub. Guardian & Private Nursing Home, No. 09-2533 (7th Cir. filed July 21, 2009). Therefore, because plaintiff has now filed more than three civil actions in federal courts which have been dismissed as frivolous, plaintiff is barred from filing any future complaints in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff's three complaints, case numbers 15-788, 15-822, and 15-831, are, therefore, **DISMISSED**, with prejudice. Because plaintiff has filed more than three civil actions in federal court that have been dismissed as frivolous, plaintiff is barred from filing any future complaints in forma pauperis pursuant to 28 U.S.C. § 1915 in this court. Moreover, any future filings by plaintiff shall not be filed by the clerk's office without approval to ensure no further frivolous cases are filed by plaintiff in this court. The clerk shall enter **JUDGMENT** consistent with this order, and, accordingly, shall reject any future complaints filed by this plaintiff without the requisite filing fee, and without prior approval.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
Judge

---

section [28 U.S.C. § 1915(a)(1)] is that it is not limited to prisoner suits."). Moreover, 28 U.S.C. § 1915(a)(1) refers to both "person" and "prisoner." The word "person" is used three times in the subsection, while the word "prisoner" is used only once. This court, therefore, finds that the single use of the word "prisoner" in the language of 28 U.S.C. § 1915(a)(1) was not intended to eliminate a non-prisoner from proceeding in federal court in forma pauperis, provided that the civil litigant can demonstrate appropriate need. Any other interpretation is inconsistent with the statutory scheme of 28 U.S.C. § 1915.